UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLEN LIVERMORE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MAGGIE MILLER-STOUT, et al.,<br><br>　　　　　Defendants. | NO: CV-12-377-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's letter dated September 13, 2012, addressed to the undersigned judicial officer. ECF No. 27. Plaintiff, a *pro se* prisoner proceeding *in forma pauperis,* inquires why he has not been granted his "day in court." The Court liberally construes Mr. Livermore's letter as a "Motion for Reconsideration" of the Order Dismissing First Amended Complaint.

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

As previously explained, a complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*.

Although granted the opportunity to amend, Plaintiff's allegations in the First Amended Complaint did not present a short and plain statement of the facts showing his was entitled to relief against identified Defendants. If a plaintiff fails

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

to state a claim upon which relief may be granted, then an action is dismissed without a trial or any further proceedings before the Court.

In addition, by choosing to bring litigation in the Federal District Court, a prisoner plaintiff obligates himself to pay the full filing fee as required by 28 U.S.C. § 1915(b)(1), regardless of the outcome of the lawsuit. When Mr. Livermore signed his Declaration and Application to proceed *in forma pauperis,* ECF No. 2, he acknowledged this fact. Therefore, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 27, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall enter this Order and forward a copy to Plaintiff at his last known address. The file shall remain closed. The Court certifies any appeal of this decision would not be taken in good faith.

**DATED** this 18th day of September 2012.

       *s/ Rosanna Malouf Peterson*
      ROSANNA MALOUF PETERSON
      Chief United States District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION -- 3